UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GIL,<br><br>                       Plaintiff,<br><br>v.<br><br>SANCHEZ, et al.,<br><br>                      Defendant. | Case No.: 17CV698-CAB(JMA)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY [DOC. NO. 43]; EX PARTE APPLICATION TO DEPOSE DEFENDANTS [DOC. NO. 49]; &**<br>**MOTION TO PROCEED THE IMPASSE ON ALL DISCOVERY ISSUES [DOC. NO. 61]** |

    Currently pending before the Court are three discovery related motions filed by Plaintiff Ruben Gil, who is proceeding pro se and in forma pauperis ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a). The Court will address each in turn.

**Introduction**

    Plaintiff, who was incarcerated and housed at R.J. Donovan Correctional Facility ("Donovan") when he initiated this lawsuit, alleges when he was transferred to Donovan he informed Defendant Captain Sanchez and Defendant Lieutenant Williams that he had experienced assaults by "Security Threat

Groups" since 2013, including a recent assault in his cell at the "other institution."[1] [Doc. No. 1, p. 3 of 8.] He alleges that despite knowing Plaintiff is at ongoing risk of harm by members of the "Security Threat Groups," Defendant Sanchez assigned Plaintiff "cellies" that are members of these groups, creating serious risk to Plaintiff's life. [Id.] Defendant Williams is alleged to be aware of, but indifferent to, Plaintiff's situation. [Id., p. 2 of 8.]

**Motion to Compel [Doc. No. 43]**

A party is entitled to seek discovery of any non-privileged matter that is relevant to his claims and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The discovery may include information that is not admissible. Id. When a party objects to a discovery request, it is the burden of the party moving to compel to demonstrate why the objection is not justified. See Lemons v. Camarillo, 2017 WL 4700074, at *1 (S.D. Cal. Oct. 18, 2017; Glass v. Beer, 2007 WL 913876, at *1 (E.D. Cal Mar. 23, 2007).

As the moving party, Plaintiff bears the burden of informing the Court which discovery requests are the subject of his motion to compel and, for each disputed response, why the information sought is relevant and why Defendants' objections are not justified. Id.; see also Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Plaintiff contends the responses and documents produced by Defendants in response to his first set of interrogatories, requests for admission and document requests are insufficient.[2] [Doc. No. 43.] He generally takes issue with

//

---

[1] Plaintiff is no longer housed at Donovan, as he was transferred to Corcoran State Prison on November 7, 2017. [Doc. No. 39, Notice of Change of Address.]

[2] The Court has reviewed Plaintiff's motion to compel [Doc. No. 43], Defendants' response to Plaintiff's motion to compel [Doc. No. 47], Plaintiff's objections to Defendants' response to Plaintiff's motion to compel [Doc. No. 55], and the Declaration of Lt. D. Williams [Doc. No. 11-1].

Defendants asserting objections in their discovery responses, without explaining why any of Defendants' objections are without merit.³

Plaintiff seeks to compel Defendants to produce documents or information about his transfers between institutions, including his transfer to a "higher institution 180 with violent offenders after Plaintiff was being assaulted constantly." [Doc. No. 43, p. 9 of 45.] Defendants have produced the classification chrono and transfer chrono that directed Plaintiff's transfer to Donovan. [Doc. No. 55, p. 40 of 48, Defendant's Responses to Requests for Production of Documents, Request No. 1.] To the extent Plaintiff seeks information about his transfers to institutions other than Donovan, this information is neither relevant to the claims made in this case, nor proportional to the needs of the case.

---

³ Notwithstanding the objections they asserted, Defendants produced documents and substantive discovery responses relevant to Plaintiff's claims. In response to Plaintiff's request for documents, Defendants produced: 1) the classification chrono and the transfer chrono that directed Plaintiff's transfer to Donovan; 2) documents regarding Plaintiff's cell moves at Donovan; 3) Incident Reports relating to assaults against Plaintiff for the past four years; and 4) Defendants' duty statements. [Doc. No. 47, pp. 2-3 of 6.]

In response to Plaintiff's interrogatories, Defendants confirmed Plaintiff was not assaulted at Donovan, and that while Plaintiff was housed at Donovan, no inmates documented as Plaintiff's enemies were housed on the same yard as him. Defendants also confirmed the names of Plaintiff's cellmates as he requested, none of whom was on Plaintiff's enemies list. Defendants advised Plaintiff that he was transferred to another institution because when Plaintiff's status changed in the mental health delivery program, Donovan could no longer accommodate his housing needs, which necessitated the transfer. Plaintiff was advised that Captain Sanchez is able to contact correctional counselors, lieutenants, and sergeants while at work, and that she has contact with these persons while at work, including in the program office, but not necessarily every day with each official. [Doc. No. 55, pp. 26-34 of 48.]

Plaintiffs' requests for admissions are largely compound and difficult to understand, but where possible Defendants provided substantive responses. Defendants denied Plaintiff was assaulted at Donovan. Defendants admitted the screening procedures used when Plaintiff transferred to Donovan. Defendants denied Plaintiff was extorted, assaulted, or victimized at Donovan and denied Plaintiff sustained damages. Defendants also denied improper behavior by staff at Donovan. [Doc. No. 55, pp. 36-46 of 48.]

Plaintiff also seeks to compel Defendants to produce photographs of tattoos of Plaintiff's prior cellies Estrada, Monroy, and Reza, as well as their general chronos (128G) "so Plaintiff can prove the evil intention in Defendants segregating Plaintiff with security threat groups." [Id. at p. 2 of 45; Doc. No. 55, p. 42-73 of 48, Request No. 5 & 6.] Production of other inmates' general chronos and personal information implicates these third-parties' privacy rights, as well as safety and security concerns. Furthermore, none of these individuals had security-threat status when they were celled with Plaintiff. [Doc. No. 11-1, Declaration of Lt. Williams, ¶ 13.] Thus, given the third-party privacy concerns and security and safety issues raised by these requests, the importance of the issues at stake, and the importance of the discovery in resolving the issues, this discovery is not proportional to the needs of the case.

Lastly, Plaintiff seeks to compel production of the "last names of staff and positions in all the institutions Plaintiff got assaulted." [Id. at p. 5 of 45; Doc. No. 55, p. 28 of 48, Interrogatory No. 3]. Plaintiff's claims arise from Defendants Sanchez and Williams' handling of his cell assignments at Donovan. He does not allege he was assaulted at Donovan and Defendant has also denied that any assaults occurred at Donovan. [Doc. No. 55, p. 19 of 48, Defendants' Response to Request for Admission No. 4.] Furthermore, Defendants have produced incident reports for the five physical altercations in which Plaintiff was involved in the past four years (none of which was at Donovan). The names and positions of every staff member employed at prisons other than Donovan are, thus, not relevant to Plaintiff's claims or any defense, and are not proportional to the needs of the case. Based on the foregoing, Plaintiff's motion to compel is DENIED.

//
//
//
//

**Ex Parte Application to Depose Defendants [Doc. No. 49]**

In his ex parte application, Plaintiff seeks leave to depose Defendants and to take more than ten depositions.[4] [Doc. No. 49] Plaintiff argues that, in addition to Defendants, he needs to depose the wardens and multiple staff members at each institution where he was assaulted, regarding the treatment he received at those other institutions. [Id. at 2-3 of 39.] He also asks the Court to appoint a deposition officer for Plaintiff's depositions, order service of Plaintiff's deposition notices by publication, and order a stenographer to schedule the depositions. [Id. at p. 4 of 39.]

Plaintiff has not shown good cause to compel the depositions of Defendants or conduct more than ten depositions. Defendants Williams and Sanchez have not received notices of deposition, as required by Fed. R. Civ. P. 30(b), but represent that if notice is timely served, and if the notices comply with the Federal Rules of Civil Procedure, they will appear for deposition.[5] [Doc. No. 58, p. 2 of 3.] Plaintiff has not shown why Fed. R. Civ. P. 30(a)(2)(A)(i)'s ten deposition limit is inadequate for the needs of his case. Although he says he intends to depose wardens and staff members of other prisons regarding his treatment at those institutions, it is unclear how any such testimony would help him prove his case against Defendants Williams and Sanchez.[6]

---

[4] The Court has reviewed Plaintiff's "ex parte application with leave of court to depose defendants and adverse defendants [Doc. No. 49]; Defendant's response to Plaintiff's ex parte application [Doc. No. 58]; Plaintiff's objections to Defendants' response to Plaintiff's ex parte application [Doc. No. 59] and Plaintiff's "objections to Defendants' response to subpoena and informing the Court that it's clear that Plaintiff is seeking the Court's help" [Doc. No. 63].

[5] Plaintiff has also not shown a basis for service of deposition notices by publication. As discussed above, any deposition of a party or party representative shall be noticed pursuant to Fed. R. Civ. P. 30(b), which is within Plaintiff's means to accomplish.

[6] As discussed above, in connection with Plaintiff's motion to compel, Defendants have produced incident reports for the assaults at other prisons, and confirmed Plaintiff was neither housed with security-threat-group inmates, nor assaulted by anyone while at Donovan.

Lastly, with respect to Plaintiff's request the Court appoint others to assist with scheduling and taking any depositions, it is not the role of the Court to conduct discovery on a party's behalf. If Plaintiff seeks to conduct a deposition he will be responsible for arranging the presence of an officer authorized to administer oaths by the laws of the United States, as required by Fed. R. Civ. P. 28(a), and a means of recording the testimony either by sound, sound-and-visual, or stenographic means. See Fed. R. Civ. P. 30(b)(3). Plaintiff will also be responsible for these and any other costs related to any deposition(s) he takes. See Tedder v. Odel, 890 F.2d 210, 211-212 (9th Cir. 1989). [7] These fees are not waived based on Plaintiff's in forma pauperis status. Id Based on the foregoing, Plaintiff's ex parte application is DENIED.

**Motion to Proceed the Impasse on all Discovery Issues [Doc. No. 61]**

In his "motion to proceed the impasse on all discovery issues," Plaintiff reports he has reached an impasse on his efforts to meet and confer with counsel for Defendants regarding discovery issues, including the discovery requests that are the subject of the motion to compel discussed above. [Doc. No. 61.] He requests the Court order defense counsel meet and confer with him in person, at Corcoran State Prison, because he is currently limited to written correspondence and phone calls lasting not more than 15 minutes, which he says is not an adequate amount of time to sufficiently meet and confer. [Id.] The Court appreciates the challenges an incarcerated individual faces in litigating a case and understands meeting and conferring in-person can be more efficient and effective than doing so by telephone; however, the Court is not convinced

---

[7] Another example of a deposition-related expense Plaintiff would be required to bear is travel and attendance fees for any witness whose attendance at deposition is sought pursuant to Fed. R. Civ. P. 45. When a party serves a subpoena that requires a person's attendance for deposition, he must pay the witness fees for one day's attendance and mileage at the time the subpoena is served. Fed. R. Civ. P. 45(b)(1).

requiring defense counsel to travel to Corcoran will help effectuate a resolution of the parties' discovery disputes. Furthermore, to the extent Plaintiff wishes to meet and confer regarding responses to the interrogatories, requests for admission, and document requests that are the subject of the previously discussed motion to compel, these issues are now moot, as the Court has ruled on all issues presented by Plaintiff's motion to compel. Plaintiff's motion to proceed the impasse on all discovery issues is, therefore, DENIED.

**IT IS SO ORDERED.**

Dated: April 4, 2018

Honorable Jan M. Adler
United States Magistrate Judge