UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GIL,<br><br>　　　　　　　　Plaintiff,<br>v.<br>SANCHEZ, et al.,<br>　　　　　　　　Defendants. | Case No.: 17CV698-CAB(JMA)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION TO DISCLOSE PRIVILEGED DOCUMENTS [DOC. NO. 102]; REQUEST FOR APPOINTMENT OF INVESTIGATOR [DOC. NO. 101]; EX PARTE APPLICATION TO CONDUCT ADDITIONAL DISCOVERY [DOC. NO. 111]; & MOTION FOR SANCTIONS [DOC. NO. 109.]** |

Currently pending before the Court are three discovery related motions and a motion for sanctions filed by Plaintiff Ruben Gil, who is proceeding pro se and in forma pauperis ("IFP") pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915(a). The Court will address each in turn.

**Introduction**

Plaintiff, who was incarcerated and housed at R.J. Donovan Correctional Facility ("Donovan") when he initiated this lawsuit, alleges when he was transferred to Donovan he informed Defendant Captain Sanchez (now Searles)

1

and Defendant Lieutenant Williams that he had experienced assaults by "Security Threat Groups" since 2013, including a recent assault in his cell at the "other institution."[1] Doc. No. 1, p. 3 of 8. He alleges that despite knowing Plaintiff is at ongoing risk of harm by members of the "Security Threat Groups," Defendant Sanchez assigned Plaintiff "cellies" that are members of these groups, creating serious risk to Plaintiff's life. *Id.* Defendant Williams is alleged to be aware of, but indifferent to, Plaintiff's situation. *Id.*, p. 2 of 8.

**Ex Parte Application to Disclose Privileged Documents & Request for Appointment of Investigator [Doc. Nos. 101 & 102]**

On June 11, 2018, Plaintiff filed two motions with intertwining arguments he requests the Court address jointly. In one motion, Plaintiff requests the Court compel the disclosure of "privilege documents, staff threat and investigations, the combined acts of prison officials, as well as the misconduct of inmates that staff was segregating him with and the misconduct of prison officials in the institutions Plaintiff got assaulted during all his years until this moment." Doc. No. 102, p. 3. In the other, Plaintiff requests the Court appoint an investigator to get the privileged documents and present them to the Court. Doc. No. 101, p. 2.

It is not clear to the Court what documents are at issue, as Plaintiff has provided only general argument, rather than specifying which documents he seeks. It is also not clear what privilege has been asserted as a basis for withholding these documents and Plaintiff offers no argument as to why he should be permitted to review documents that are designated as privileged and protected from disclosure. When a party objects to a discovery request, it is the burden of the party moving to compel to demonstrate why the objection is not

---

[1] Plaintiff is no longer housed at Donovan, as he was transferred to Corcoran State Prison "Cocoran" on November 7, 2017 (Doc. No. 39), and has since placed in the Male Community Reentry Program Discovery in Los Angeles (Doc. Nos. 112 & 113).

justified. See *Lemons v. Camarillo*, 2017 WL 4700074, at *1 (S.D. Cal. Oct. 18, 2017; *Glass v. Beer*, 2007 WL 913876, at *1 (E.D. Cal Mar. 23, 2007). Here, Plaintiff has not satisfied his burden of informing the Court why the information he seeks is relevant and why Defendants' privilege-based objections are not justified. *Id.*; see also *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Plaintiff's motions to obtain privileged documents and for the appointment of an investigator to review these documents are, therefore, DENIED.

**Ex Parte Application to Permit Additional Discovery [Doc. No. 111.]**

On August 15, 2018, Plaintiff filed an ex parte application requesting he be permitted to conduct additional discovery, which he claims will allow him to show that CDCR staff continue to subject him to the same conditions described in his Complaint. Doc. No. 111, p. 2. Plaintiff's request implies he seeks relief from the deadline for completion of discovery, which passed over five months ago, on March 16, 2018. Fed. R. Civ. P. 16(b)(4) allows a schedule to be modified for good cause and with a judge's consent. Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. See e.g., *Johnson v. Mammoth Recreations Inc.*, 975 F.2d 604, 609 (9th Cir.1992); See also *Rich v. Schrader* (S.D. Cal. 2013) 2013 WL 3710806 at 2. Thus, in order to demonstrate good cause, a party must demonstrate its diligence in taking discovery and diligence in propounding or noticing the particular outstanding discovery, and explain why it could not conduct the particular discovery before the discovery cut-off date. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *Johnson*, 975 F.2d at 609.

Plaintiff offers no explanation as to what specific discovery he would conduct if granted relief from the discovery deadline, or why he did not conduct it prior to the discovery deadline. Furthermore, the discovery he seeks, which he

3

1 claims will show CDCR staff continue to subject him to the same conditions
2 described in his Complaint, is not relevant to Plaintiff's claims or any defense,
3 and is not proportional to the needs of the case. Plaintiff's claims arise from
4 Defendants Sanchez and William's role in Plaintiff's housing placement while he
5 was at Donovan; however, he has not been housed at Donovan since he was
6 transferred to Corcoran State Prison on November 7, 2017. Doc. No. 39.
7 Discovery regarding housing placement decisions made at facilities other than
8 Donovan and by CDCR staff other than the named Defendants, including his
9 current housing circumstances, is neither relevant nor proportional to the claims
10 and defenses raised in this case. Plaintiff's ex parte application for leave to
11 conduct additional discovery is, therefore, DENIED.

**Motion for Sanctions [Doc. No. 109]**

On August 15, 2018, Plaintiff also filed a motion requesting sanctions be imposed because CDCR staff "keeps retaliating for filing a lawsuit." Doc. No. 109, p. 1. He reports he has tried to exhaust his administrative remedies and "staff keeps retaliating and tripping Plaintiff to exhaust." *Id*. Plaintiff submits copies of records of administrative grievances and appeals he has filed since his transfer to Cocoran in support of his motion. *Id*. pp. 3-40. The conduct for which Plaintiff seeks sanctions does not fall within the scope of his pleadings. Moreover, although he does not specify against whom he wants sanctions imposed, it appears the request is directed towards CDCR staff at Corcoran, none of whom are a party in this lawsuit. The Court does not have jurisdiction to impose sanctions on third parties for conduct that falls outside the scope of Plaintiff's Complaint.  Plaintiff's request for sanctions is, therefore, DENIED.

**IT IS SO ORDERED.**

Dated:  August 31, 2018

_____
Honorable Jan M. Adler
United States Magistrate Judge

17CV698-CAB(JMA)