UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN GIL,<br><br>         Plaintiff,<br><br>v.<br><br>SANCHEZ, et al.,<br><br>         Defendant. | Case No.: 17cv698-CAB-JMA<br><br>**ORDER DENYING OBJECTION TO MAGISTRATE JUDGE RULINGS**<br>**[Doc. No. 121]** |

On September 19, 2018, Plaintiff filed Objections to the Magistrate Judge Rulings set forth in Judge Adler's order issued on August 31, 2018, Docket No. 116. [Doc. No. 121.] For the reasons set forth below, the Objections are **DENIED**.

## DISCUSSION

Magistrate judges' rulings on nondispositive motions may be set aside or modified by the district court only if found to be "clearly erroneous" or "contrary to law." 28 U.S.C. §636(b)(1)(A); Fed.R.Civ.P. 72(a); *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991).

In the subject discovery motions [Doc. Nos. 101 and 102], Plaintiff makes vague requests such as asking the court to "enforce judicial review of prison officials actions" and taking "a deep scope in this case since the case involves a lot of wrongs by prison officials." [Doc. No. 102 at 2.] However, Plaintiff did not specify what discovery

requests he sent to Defendants, what responses they gave, and why he objected to those responses.  As Magistrate Judge Adler pointed out, it is "not clear to the Court what documents are at issue . . . [and] what privilege has been asserted."  Thus, Magistrate Judge Adler's denial of the request for privileged documents, and denial of the request for an investigator to obtain such documents, was reasonable and certainly not "clearly erroneous" or "contrary to law." 28 U.S.C. §636(b)(1)(A); Fed.R.Civ.P. 72(a).

Similarly, in Plaintiff's request for additional discovery [Doc. No. 111], Plaintiff does not set forth what specific discovery he seeks or why he did not seek it prior to the discovery cutoff.  In addition, the discovery he seeks regarding the CDCR staff is not relevant to his complaint, which concerns his housing placement while at Donovan.  Again, Magistrate Judge Adler's Judge Adler's denial of the request for additional discovery was reasonable and certainly not "clearly erroneous" or "contrary to law." 28 U.S.C. §636(b)(1)(A); Fed.R.Civ.P. 72(a).

Finally, Plaintiff's motion for sanctions [Doc. NO. 109] concerned what he believes to be retaliatory conduct by staff at CDCR.  However, as noted by Magistrate Judge Adler, this alleged conduct does not fall within the scope of his complaint, which concerns his housing placement while at Donavan.  Therefore, Magistrate Judge Adler's denial of the motion for sanctions was reasonable and certainly not "clearly erroneous" or "contrary to law." 28 U.S.C. §636(b)(1)(A); Fed.R.Civ.P. 72(a).

## CONCLUSION

For the reasons set forth above, the Objections are DENIED.

**IT IS SO ORDERED.**

Dated:  September 20, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge